UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALSHE LLC, THE SIMON LAW FIRM, and THE MEYER-CHATFIELD CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN J. ROSS and SAVE ASSOCIATES,<br>Defendants. | No. 12 CV 966<br>Judge James B. Zagel |

**ORDER**

On January 9, 2014, this Court found that Defendants Alan Ross and SAVE Associates breached the Settlement Agreement and granted partial summary judgment in favor of Plaintiffs Balshe LLC, the Simon Law Firm, and Meyer-Chatfield ("MC"), as well as leave for Plaintiffs to file for additional damages. Balshe and the Simon Law Firm (collectively "Balshe") and MC now separately move the Court for summary judgment against Defendants Alan Ross and SAVE Associates as to damages. Balshe seeks an order granting $98,993.00 for attorneys' fees and $2,351.31 for costs, while MC seeks an order granting $52,810.00 in attorneys' fees and $1,515.05 in costs, pursuant to the Settlement Agreement. Plaintiff additionally reserves the right to seek additional fees and costs should Defendant pursue further appeals or engage in frivolous or vexatious litigation. Parties agree that the Settlement Agreement is governed by Delaware law.

Plaintiffs seek attorneys' fees and contend that under Section 27 of the Settlement Agreement, Defendants are required to indemnify and hold Plaintiffs harmless for its legal fees and costs incurred as a result of Defendants' breaches. In response, Defendants make a number

1

of arguments that Plaintiffs are not entitled to seek attorneys' fees, including that the Court granted Plaintiffs leave to file only for damages and that Plaintiffs failed to file its motion for fees in compliance with Federal Rule of Civil Procedure 54 and Local Rule 54.3.

Specifically, Defendants claim that Plaintiffs failed to file a motion for attorneys' fees within 14 days, pursuant to Rule 54. Where fees, however, are recoverable as an element of damages, such as when sought under a contract, the Committee Notes to Rule 54(d)(2) state that the procedure for presenting attorneys' fees does not apply. Fed. R. Civ. P. 54, Committee Notes 1993 Amendment; *Cohn v. Taco Bell Corp.*, 1995 WL 493453, *5 (Aug. 16, 1995). Here, Plaintiffs have an independent contractual right to fees, and this Court finds that Plaintiffs have properly claimed attorneys' fees based on Section 27 of the Settlement Agreement. *Chase Manhattan Bank v. Iridium Africa Corp.*, 474 F. 95 (D. Del. 2007) ("[T]he Court need not look outside the four corners of the documents to determine that [Plaintiff] is entitled to attorneys' fees"); *Delaware Dep't of Health & Soc. Servs. v. United States Dept. of Educ.,* 772 F.2d 1123, 1139 (3d Cir.1985) (allowing an award of attorneys' fees as contract damages); *Ferrara v. Collins*, 119 Ill.App.3d 819, 825, 75 Ill.Dec. 319, 323 (1983).

In the alternative, Defendants request that, if the Court decides to award attorneys' fees to Plaintiffs, Defendants are given the opportunity to rebut the validity of Plaintiffs' fee requests. Plaintiffs submitted periodic invoices detailing work performed, attorneys involved, and reasonable fees charged based on prevailing market rates. Defendants had an opportunity to respond to the merits of Plaintiffs' attorney fee requests and failed to do so. The Court need not and will not open up briefing on the issue of attorneys' fees again so that Defendants can make arguments that they could have and should have previously offered.

WHEREFORE, this Court grants Plaintiff Balshe's reasonable attorneys' fees in the amount of $98,993.00 in attorneys' fees and $2,351.31 in costs, with $75,945.50 in attorneys' fees and $2,351.31 in costs to Novack and Macey and $23,047.50 in attorneys' fees to Adam M. Simon. This Court further grants Plaintiff MC reasonable attorneys' fees in the amount of $52,810.00 for attorneys' fees and $1,515.05 in costs.

ENTER:

James B. Zagel
United States District Judge

DATE: June 6, 2014